UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
MIGUEL PEARSON,

                       Plaintiff,

      -against-

CITY OF NEW YORK; Police Officer STEVENS, J. MERCEDES, (Tax ID 943567); and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                       Defendants.
-------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Miguel Pearson ("plaintiff" or "Mr. Pearson") is a resident of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer Steven Mercedes, Shield No. 24883 ("Mercedes"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Mercedes is sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 1:30 a.m. on August 4, 2012, plaintiff was lawfully within vicinity of Mermaid Avenue and West 30th Street, Brooklyn, New York.

13. Plaintiff, who works as a DJ (disc jockey), was walking with his two friends, David and Roberta, when defendants stopped the group.

14. David was carrying a beer can, and one of the officers asked him what he was drinking and demand to see his identification.

15. Plaintiff then asked the officers, "What's going on?"

16. Plaintiff posed another questions to the officers.

17. In response to his questions, and without probable cause or reasonable suspicion to believe he had committed any crime or offense, defendant officers handcuffed plaintiff and placed him under arrest.

18. Plaintiff was wearing a backpack when the officers handcuffed him and the bag was pressing into his arms and back causing him pain.

19. Plaintiff asked the officers if he could take off his backpack.

20. In response to his question, one of these defendant officers responded "no," and tightened plaintiff's already tight handcuffs, causing extreme pain and numbness in his wrists, hands and arms.

21. Despite numerous requests from plaintiff, police officers refused to loosen his handcuffs.

22. Plaintiff sustained injuries to his wrists, hands and arms from the unreasonably tight handcuffs and the gratuitous twisting.

23. Plaintiff was transported to the police precinct where officers confiscated his personal effects, including his backpack.

24. Plaintiff was then placed in a holding cell where he remained despite his repeated requests for medical treatment.

25. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff engaged in disorderly conduct and unlawful spitting.

26. At no point did the officers observe plaintiff engaged in disorderly conduct or unlawfully spit.

27. Plaintiff was then placed in a holding cell for approximately five hours before he was issued Desk Appearance Tickets for disorderly conduct and unlawful spitting.

28. Plaintiff's criminal charges relating to his August 3, 2012 arrest were subsequently were dismissed.

29. Upon release from police custody, plaintiff's hands, wrists, and arms were sore and numb from the excessively tight handcuffing inflicted, maliciously by

defendants.

30.  On August 7, 2012, plaintiff's hands, wrists, and arms were still in excruciating pain, so he visited Coney Island Hospital for treatment.

31.  At Coney Island Hospital, plaintiff was prescribed medication and his wrist was placed in a splint.

32.  On August 9, 2012, plaintiff returned to Coney Island Hospital for follow-up care.

33.  Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

### FIRST CLAIM
### Unlawful Stop and Search

34.  Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35.  Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

36.  As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

### SECOND CLAIM
### False Arrest

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

39. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
### Unreasonable Force

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

42. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
### First Amendment Retaliation

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and

Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

45. As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

46. As a direct and proximate result of the individual defendants' unlawful actions, plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FIFTH CLAIM

### Malicious Prosecution

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

49. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

50. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SIXTH CLAIM
### Deliberate Indifference to Safety/Medical Needs

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

53. Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

54. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

57. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

58. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   December 7, 2012
         New York, New York

Robert Marinelli
299 Broadway, 15th Floor
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiff*